IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARQUISE FOSTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:21-CV-4340-VMC-JSA |
| SITEL OPERATING CORPRORATION, | : | |
| | : | |
| Defendant. | : | |

# **O R D E R**

The above-captioned action is before the Court on Defendant's Motion to Transfer Venue [6] ("Motion to Transfer"). Defendant Sitel Operating Corporation ("Sitel") requests that this action be transferred to the Southern District of Georgia, pursuant to 28 U.S.C. § 1404, on the ground that it will be a more convenient forum for the parties and witnesses than the Northern District of Georgia. Although Plaintiff sought, and was granted, multiple extensions to file a response to the Motion to Transfer, Plaintiff failed to file any response, indicating that the Motion is unopposed. *See* LR 7.1B, NDGa. Accordingly, for good cause shown, the Motion to Transfer [6] is **GRANTED** as unopposed, and **IT IS ORDERED** that this action be **TRANSFERRED** to the Southern District of Georgia, Augusta Division.[1]

---

[1] A motion to transfer venue under 28 U.S.C. § 1404 is considered a non-dispositive pretrial matter that is subject to resolution by a United States Magistrate Judge,

Defendant contends that this action should be transferred to the Southern District of Georgia for the convenience of the parties and witnesses and the interest of justice, pursuant to 28 U.S.C. § 1404, which provides in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

In considering a motion to transfer venue pursuant to § 1404(a), the burden ordinarily rests on the moving party to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). The plaintiff's choice of forum is accorded lesser weight, however, when the chosen forum lacks any significant connection with the underlying claim or operative facts

---

pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See Silong v. U.S.*, 5:05-CV-55-OC-10GRJ, 2006 WL 948048, at *1 n.1 (M.D. Fla. April 12, 2006); *Blinzler v. Marriott Internat'l, Inc*, 857 F. Supp. 1, 2 (D.R.I. 1994); *Searcy v. Knostman*, 155 B.R. 699, 702 (S.D. Miss. 1993); *O'Brien v. Goldstar Tech., Inc.*, 812 F.Supp. 383 (W.D.N.Y.1993); *Russell v. Coughlin*, No. 90 Civ. 7421, 1992 WL 209289 (S.D.N.Y. Aug.19, 1992). This is true "because [the ruling] can only result in the transfer of a case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." *Adams v. Key Tronic Corp.*, No. 94 Civ. AO535, 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997) (collecting cases).

and neither the plaintiff nor the defendant is a resident of that forum. *Lasher v. Day & Zimmerman Internat'l, Inc.*, No. 1:05-CV-2643, 2006 WL 1518877 at *4 (N.D. Ga. May 30, 2006); *see also A.J. Taft Coal Co., Inc. v. Barnhart*, 291 F.Supp.2d 1290, 1310 (N.D. Ala. 2003); *Bell v. K Mart Corp.*, 848 F.Supp. 996, 1000 (N.D.Ga. 1994); *Prather v. Raymond Const. Co., Inc.*, 570 F.Supp. 278, 294 (N.D.Ga. 1983).

A district court has broad discretion to transfer a civil action to another district for the convenience of the parties and witnesses, and the decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982); *see also Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). Moreover, there are no bright-line standards to determine when transfer will be appropriate, and the inquiry under § 1404(a) requires an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

Although there are no bright-line rules for transfer, the Eleventh Circuit has identified nine factors that should generally be considered in determining whether to transfer venue under § 1404(a): (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative

ease of access to other sources of evidence; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). In addition, a court should consider "all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Moore v. McKibbon Bros., Inc.*, 41 F.Supp.2d 1350, 1356-57 (N.D. Ga. 1998) (quoting *Gulf Oil Corp.*, 330 U.S. at 508); *see also Mason v. Smithkline Beecham Clinical Labs.*, 146 F.Supp.2d 1355, 1359 (S.D. Fla. 2001).

In this case, Defendant argues in the Motion to Transfer that the majority of the factors to be considered support a transfer of this case to the Southern District of Georgia. Defendant contends, and Plaintiff does not dispute, that Defendant is located in or near Augusta, Georgia, and that the key corporate witnesses, the operative facts, and the relevant documents are all located in or near Augusta, Georgia, in the Southern District of Georgia. Indeed, the Complaint alleges that the operative facts occurred in or around Sitel's call center located in Augusta, Georgia. *See* Compl. [1] at ¶¶ 9, 15. Furthermore, Defendant contends, and Plaintiff does not

dispute, that Plaintiff's choice of forum is entitled to little weight because Plaintiff does not reside in the Northern District of Georgia. *See* Def. Br. [6-1] at 9-10.

Thus, it appears to be undisputed that all of the events giving rise to the Plaintiff's claims occurred in or around Augusta, Georgia, in Richmond County, which is in the Southern District of Georgia, Augusta Division. *See* 28 U.S.C. § 90(c)(1). Defendant argues, therefore, that the majority of the relevant factors weigh in favor of a transfer of this case to the Southern District of Georgia and there is no compelling reason that this case should remain in the Northern District of Georgia, except that it is the Plaintiff's choice of forum. On these facts, Plaintiff's choice of forum is not entitled to any significant weight. *See Lasher*, 2006 WL 1518877 at *4.

Although the convenience of the parties is a factor that should be considered, the more critical factor is the convenience of the forum to key non-party witnesses. *See Nam v. U.S. Express, Inc.*, No. 1:10-CV-3924-AT, 2011 WL 1598835, at *7 (N.D. Ga. April 27, 2011) (Totenberg, J.); *Hidalgo v. Ohio Security Insurance Co.*, No. 4:10-CV-0183-HLM (N.D .Ga. February 24, 2011) (Murphy, J.); *Merswin v. Williams Companies, Inc.*, No. 1:08-CV-2177-TWT, 2009 WL 249340, at *6–7 (N.D. Ga. Jan. 30, 2009) (Thrash, J.); *see also Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp.*, No. 7:05-CV-122 (HL), 2006 WL 131412, at *5 (M.D. Ga. May

11, 2006) ("the location of party witnesses is afforded little weight. In contrast, the location of key non-party witnesses is afforded more weight in the transfer analysis because they may be unwilling to testify, and the district in which the case is tried has a direct effect on whether parties can compel non-party witnesses to testify.").

In sum, it is undisputed that all of the events giving rise to the Plaintiff's claims occurred in the Southern District, Defendant is located in the Southern District, and that most of the key corporate witnesses would likely reside in or around the Southern District. Thus, the Court finds that Defendant has established that the majority of factors affecting the interests of justice weigh in favor of transferring this action to the Southern District. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (appropriate to transfer a Title VII action from Northern District of Georgia to Middle District of Georgia for the convenience of parties and witnesses); *Spencer v. Dept. of Human Resources*, 572 F. Supp. 1198 (N.D. Ga. 1983) (although plaintiff's counsel, one defendant, and several witnesses were located in Atlanta, Title VII action was transferred from the Northern District of Georgia to the Middle District of Georgia because the alleged discriminatory actions took place in Columbus).

Accordingly, Defendant's Motion to Transfer [6] is **GRANTED** as unopposed. This action is **TRANSFERRED** to the Southern District of Georgia, Augusta Division, pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED** this 13th day of April, 2022.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE